

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FILED

JAN - 3 2007

CLERK, U.S. DISTRICT COURT
By _____
Deputy

ORIGINAL

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

DENISE WILLIAMS §
   **Plaintiff,** §
 §
**vs.**  §  **CIVIL ACTION NO.**
 §
**DALLAS COUNTY SCHOOLS** §  **3-07CV0010-P**
 §
   **Defendants.** §

## PLAINTIFF, DENISE WILLIAMS ORIGINAL COMPLAINT AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

  **NOW COMES** Denise Williams, hereinafter called ("Plaintiff"), complaining of and about Dallas County Schools, hereinafter called ("Defendant"), and for cause of action shows unto the Court the following:

### PARTIES AND SERVICE

  1. Plaintiff, Denise Williams, is a citizen of the United States and the State of Texas and resides in Tarrant County, Texas.

  2. Defendant Dallas County Schools ("DCS") is an education agency which services Dallas County's 15 independent school districts. DCS may be served with process by serving its superintendent Rick Sorrells, at Dallas County Schools Administration Building, located at 612 N. Zang Blvd. Dallas, Texas 75208.

### JURISDICTION

  5. The action arises under 42 U.S.C. 2000e, as hereinafter more fully appears.

*Plaintiff Denise Williams Original Complaint Page- 1*

## NATURE OF ACTION

6.      This is an action under Title 42 U.S.C. Section 2000e et. seq. as amended by the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation.

## CONDITIONS PRECEDENT

7.      All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination was filed with the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.

## FACTS:

8. Denise Williams was employed with  DCS as a Bus Driver from January 2005, until December 2005. It is the position of Bus Driver and the discriminatory practices in this position,  that she complains about herein.

9. In addition to being a Bus Driver, in April of 2005, was selected for supplemental work, to view the functionality of VCR tapes on selected bus routes.

10. In May of 2005, the Plaintiff complained to the Transportation Director Vincent Fields, about what she believed to be inappropriate comments, inappropriate touching, and harassment by her supervisor Mr.  Jim Blades ("Blades").

11. After an investigation, Mr. Field's concluded that Blades' conduct was inappropriate and removed Denise Williams from Blades' supervision.

12. After Ms. Williams complained about Blades, the retaliation began, she was harassed on a daily basis, and treated differently than her counterparts.

13. In August of 2005, the Transportation Director, Vincent Fields was moved to a new facility. Ironically, the Plaintiff was immediately placed back under the supervision of Mr. Blades.

14. During this same period, Plaintiff's work hours were reduced, and she was told that her position of reviewing VCR tapes was eliminated. Plaintiff later found that the position was not eliminated, but actually given to another employee after she complained about Mr. Blades.

15. In an effort to resolve the matter, Plaintiff wrote several letters to HR, the School Board, and DCS' Superintendent complaining of the harassment, and the unfavorable treatment. Unfortunately, Plaintiff did not receive a response to any of her complaints. In addition, Plaintiff filed a grievance regarding the harassment, to no avail.

16. Thereafter, the harassment against the Plaintiff intensified; Mr. Blades encouraged employees to file false complaints against Plaintiff. Once the complaints were investigated, the employees admitted that Blades told them to make up the false complaints. Also during this time, Plaintiff was wrongfully suspended for five days, which action was endorsed by Blades.

17. In November of 2005, Mr. Blades witnessed another employee assault the Plaintiff on DCS' premises. Not only did Blades not take any action to help the Plaintiff, he never disciplined or counseled the employee that assaulted the Plaintiff.

18. During this same period, the harassment transferred over to Plaintiff's son, as he

rode the bus to and from school. Some drivers refused to take him to school, in an effort to retaliate against Plaintiff for complaining about Mr. Blades. As a result, Plaintiff son was left on the bus lot without a way to school. In turn, Plaintiff elected to take her son to school. Because of this action, Plaintiff was terminated for alleged "unauthorized use" of a motor vehicle. The problem with Plaintiff's termination is that other employees, who used the bus for similar purposes, were no terminated. Also, DCS has a progressive discipline policy that was not followed.

18. The unlawful policies and employment practices of Defendants, Dallas County Schools, by and through Defendant's agents. Specifically, Plaintiff's termination, and the manner in which she was treated, deprived Plaintiff unequal employment opportunities within the course and scope of her employment. As a result of the Defendant's conduct, Plaintiff has suffered damages for which Plaintiff herein sue.

## RETALIATION BY DALLAS COUNTY SCHOOLS

19. Plaintiff alleges that Defendant Dallas County Schools instituted a campaign of retaliation which included, her suspension, and termination their termination of employment. This retaliation was and is due to Plaintiffs exercising their rights by opposing discriminatory practices and testifying, assisting, or participating in an investigation or proceeding regarding unlawful discriminatory practices. As a result of Defendant's conduct, the Plaintiff has suffered damages for which she herein sues.

## DAMAGES

20.   Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendants described hereinabove:

a.   All damages, including punitive damages to which Plaintiff may be entitled;

b.   All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff;

c.   Back pay from the date that Plaintiff was terminated, back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

d.   All reasonable and necessary costs incurred in pursuit of this suit;

e.   Emotional pain;

f.   Expert fees as the Court deems appropriate;

g.   Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

h.   Inconvenience;

I.   Prejudgment interest;

j.   Loss of enjoyment of life;

k.   Mental anguish in the past;

l.   Mental anguish in the future;

m.   Loss of earnings in the past;

n.   Loss of earning capacity which will, in all probability, be incurred in the future; and

o.     Loss of benefits.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, respectfully pray that the

Defendant be cited to appear and answer herein, and that upon a final hearing of the cause,

judgment be entered for the Plaintiff against Defendant, jointly and severally, for damages in an

amount within the jurisdictional limits of the Court; exemplary damages, as addressed to each

Defendant, together with interest as allowed by law; costs of court; and such other and further

relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: _____

Mellanhise Henderson-Love
Texas Bar No. 00796741
*Plaza of the Americas*
700 N. Pearl Street, Suite 2170
Dallas, Texas 75201
Tel. (214)638-8777
Fax. (214)220-8777
Attorney for Plaintiffs

## PLAINTIFF HEREBY DEMANDS TRIAL BY JURY

*Plaintiff Denise Williams Original Complaint     Page-*  6

JS 44 (Rev. 10/06)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Denise Williams

RECEIVED
JAN - 3 2006
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

### DEFENDANTS

Dallas County Schools
612 N. Zang, Dallas Texas 75208

County of Residence of First Listed Defendant    Dallas
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
          LAND INVOLVED.

**(b)** County of Residence of First Listed Plaintiff          Dallas
(EXCEPT IN U.S. PLAINTIFF CASES)

ORIGINAL

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Mellannise Henderson-Love, Plaza of the Americas 700 N. Pearl Street,
Suite 2170, Dallas, Texas 75201 (214)638-8777

Attorneys (If Known)

3-07CV0010-P

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:  Sex Discrimination, Retaliation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED

(See instructions):  JUDGE                            DOCKET NUMBER

DATE
January 3, 2007

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE